IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BURIA ASHKNAZI,<br><br>Plaintiff,<br><br><br><br>v.<br><br><br><br>BANK OF AMERICA N.A. and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTIONS TO WITHDRAW<br><br><br><br><br><br>Case No. 2:11-CV-236 TS |

This matter is before the Court on Defendants Bank of America, N.A. and Federal National Mortgage Association's ("Defendants") Motion to Dismiss Plaintiff's Complaint.[1] Also before the Court are Counsel for Plaintiff Buria Ashknazi's Motions for Withdrawal.[2] This Court heard oral argument on the pending motions on November 9, 2011. The Court has reviewed the briefing submitted by the parties and considered the oral arguments made on behalf

---

[1]Docket No. 14.

[2]Docket No. 9 & 21.

1

of each motion. For the reasons provided more fully below, the Court will grant each parties' motions.

## I. BACKGROUND

The following allegations are taken from Plaintiff's Complaint.[3] On August 8, 2007, Plaintiff executed a trust deed in favor of Bank of America with First American Title Insurance Company as Trustee. Plaintiff alleges that in 2009 she began negotiations with Bank of America concerning a loan modification. According to Plaintiff, Bank of America indicated that it would not discuss a loan modification until she went into default. On September 23, 2009, Plaintiff defaulted on her obligations under the note and trust deed. Plaintiff alleges that from the time of her default through the foreclosure the parties were negotiating a loan modification.

Plaintiff also alleges that even after the foreclosure proceedings were completed, employees for Bank of America were contacting Plaintiff regarding the loan modification. Plaintiff alleges that a representative of Bank of America, Michael Solano, sent Plaintiff a loan modification offer on May 20, 2010. Plaintiff was to sign and return the documents by the 30th of May. Plaintiff alleges that she did indeed sign and return the loan modification by the date instructed. However, the proposed loan modification submitted by the parties demonstrates that Plaintiff signed and returned the modification on June 30, 2010—one month after the offer expired.

A foreclosure auction was scheduled for May 26, 2010. Plaintiff alleges that she contacted Michael Solano and was told that the foreclosure would not occur. Plaintiff further

---
[3]Docket No. 2-1.

alleges that in the days leading up to the foreclosure sale, and the very day of the foreclosure sale, she spoke with other Bank of America employees who instructed her that the foreclosure auction would not occur and that she should proceed with the loan modification.

## II. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[4] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face"[5] and the court is not required to accept "conclusory allegations without supporting factual averments."[6] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" to survive a motion to dismiss.[8] As the Tenth Circuit stated:

> [T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the

---

[4] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[6] *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[7] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[8] *Twombly*, 550 U.S. at 570.

court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.[9]

The Supreme Court provided greater explanation of the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[10] In *Iqbal*, the Court reiterated that while Fed.R.Civ.P. 8 does not require detailed factual allegations, it nonetheless requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[11] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[12] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13]

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

---

[9]*The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[10]129 S.Ct. 1937 (2009).

[11]*Id*. at 1949 (citing *Twombley*, 550 U.S. at 555).

[12]*Id*. (quoting *Twombly*, 550 U.S. at 555).

[13]*Id*. (quoting *Twombly*, 550 U.S. at 557).

4

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[14]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[15] Thus, notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, "[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[16]

### III. DISCUSSION

A. MOTION TO DISMISS

Defendants have filed their Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing that Plaintiff has failed to state a claim as a matter of law. Defendants seek dismissal of each of Plaintiff's five claims for relief. Plaintiff has failed to file an opposition to Defendants' Motion. The Court will address each claim individually.

---

[14] *Id.* at 1949-50 (alteration in original) (internal quotation marks and citations omitted).

[15] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 & Supp. 2007)).

[16] *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

1. FIDUCIARY DUTY

Plaintiff's first claim alleges that Mr. Paul Halliday Jr.—the trustee who conducted the foreclosure sale of Plaintiff's property—breached his duty of care and his fiduciary duty to the Plaintiff by foreclosing on Plaintiff's property. Defendants properly note that Mr. Halliday is not a party to this action. This Court cannot grant relief against an individual who is not a party to this suit. The Court will therefore grant Defendants' Motion as to this claim.

2. GOOD FAITH AND FAIR DEALING

Plaintiff's second claim is that Defendants breached the covenant of good faith and fair dealing by misrepresenting the facts around the loan modification and foreclosure auction. Defendants assert that this claim fails because the note and the deed of trust do not provide for a right to loan modification and the covenant of good faith and fair dealing cannot provide for new rights not provided under the contract.

Parties to a contract must exercise their contractual rights in good faith.[17] Good faith and fair dealing means the parties must be faithful to the "'agreed common purpose'" and consistent with "'the justified expectations of the other party.'"[18] The covenant cannot, however, "be read to establish new, independent rights or duties to which the parties did not agree ex ante."[19]

---

[17] *See Brehany v. Nordstrom, Inc.*, 812 P.2d 49, 55 (Utah 1991).

[18] *Olympus Hills Shopping Ctr., Ltd. v. Smith's Food & Drug Ctrs., Inc.*, 889 P.2d 445, 451 (Utah Ct. App. 1994) (quoting Restatement (Second) of Contracts § 205 cmt. a (1979)).

[19] *Oakwood Village LLC v. Albertsons, Inc.*, 104 P.3d 1226, 1240 (Utah 2004) (internal citations omitted).

Any claim that Defendants violated the covenant of good faith and fair dealing by failing to abide by the loan modification must fail. Plaintiff does not allege that the note and deed of trust provide for a right of modification. Plaintiff cannot now imply such a right through the covenant of good faith and fair dealing. It is not the purpose of the covenant of good faith and fair dealing to establish new, independent rights or duties, to which the parties did not agree within the original note and deed of trust.

However, the Court notes that it is undisputed that the Plaintiff received a modification offer on May 20, 2010. Indeed, Defendants have provided a copy of that same modification offer. Plaintiff was told that she would have until May 30, 2010, to sign and return the modification offer. The offer, in effect, modifies the original terms of the agreement between the parties. Before the window in which Plaintiff could accept the offer had passed, Defendants foreclosed on the property. Defendants argue that this foreclosure acted as a rescission of the offer, thereby making acceptance of the offer for modification after the foreclosure impossible.

If Plaintiff had accepted the offer for loan modification in the window allowed, there would be, at the very least a triable issue of fact as to whether a new contract was formed. If such a contract was formed, then there could be a breach of the covenant of good faith and fair dealing on that claim. However, Plaintiff did not accept the loan modification offer within the time allotted for acceptance. Given Plaintiff's failure to properly accept, it is clear that no new contract was formed, and Plaintiff cannot maintain a separate action for breach of the covenant of good faith and fair dealing based on the loan modification offer.

For the foregoing reasons, Plaintiff's second claim for breach of the covenant of good faith and fair dealing will be dismissed for failure to state a claim upon which relief can be granted.

3. NEGLIGENT HIRING/SUPERVISION

Plaintiff alleges that Mr. Solano and other Bank of America employees acted negligently to deprive Plaintiff of her rights under Utah law and the note and deed of trust. Defendants allege that this claim fails because Plaintiff has failed to plead facts sufficient to maintain a cause of action for negligent hiring or supervision and because Plaintiff cannot meet the standard elements of a negligence claim.

The Court will dismiss this claim because Plaintiff has failed to plead facts sufficient to maintain a claim for negligent hiring. Plaintiff's Complaint contains nothing more than the barest allegation of a violation. Plaintiff has not cited what Utah law has been violated, nor has she plead any specific facts to demonstrate negligence on the part of Defendants in hiring the accused employees. For these reasons, the Court finds that this claim fails to meet the standard required under Fed.R.Civ.P. 12(b)(6).

4. FRAUD

Plaintiff has alleged that Bank of America employees made statements during the month of May, 2010, indicating that the foreclosure of her property would not occur. Plaintiff has even indicated the names of those employees and the days that those representations were made. Plaintiff asserts that she relied on these statements in deciding not to re-instate her loan during the reinstatement period following the filing of the Notice of Default on September 23, 2009.

"Fraud is a false representation of an existing material fact made knowingly or recklessly for the purpose of inducing reliance thereon, upon which there was reliance to the innocent party's detriment."[20] "One critical element of the cause of action is actual reliance on a false representation."[21] "In addition, under Fed.R.Civ.P. 9 fraud must be plead with particularity."[22] "When pleading a fraud claim, a plaintiff must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"[23]

Utah Code Annotated § 57-1-31 provides that a defaulting homeowner:

> at any time within three months of the filing for record of notice of default under the trust deed, if the power of sale is to be exercised, may pay to the beneficiary or the beneficiary's successor in interest the entire amount then due under the terms of the trust deed (including costs and expenses actually incurred in enforcing the terms of the obligation, or trust deed, and the trustee's and attorney's fees actually incurred) other than that portion of the principal as would not then be due had no default occurred, and thereby cure the existing default.

Here, the only statements Plaintiff has plead with any particularity occurred during the month of May, 2010. Under Utah law, the period in which Plaintiff could have exercised her right to reinstate the loan expired on December 23, 2009. Plaintiff has failed to plead with particularity any statements by Defendants during the reinstatement period upon which she could

---

[20]*DeBry v. Cascade Enters.*, 879 P.2d 1353, 1358 (Utah 1994) (internal quotation marks and citations omitted).

[21]*Id.*

[22]*Barrow v. Countrywide Home Loans, Inc.*, 2009 WL 3418165, at *2 (D. Utah Oct. 16, 2009).

[23]*Id.* (quoting *Schwartz v. Celestial Seasonings*, 124 F.3d 1246, 1252 (10th Cir. 1997)).

have relied in deciding not to reinstate her loan. Plaintiff cannot maintain a claim for fraud based on statements that occurred six months after the alleged reliance. Therefore, the Court will dismiss Plaintiff's fraud claim as a matter of law.

5. QUIET TITLE

Plaintiff alleges that because of the fraud of the Defendants, the sale should be set aside and title quieted in favor of Plaintiff.

"A quiet title claim seeks to extinguish interests in the property in favor of the interest of the plaintiff."[24] "To succeed in an action to quiet title to real estate, a plaintiff must prevail on the strength of his own claim to title and not the weakness of a defendant's title or even its total lack of title."[25]

Here, Plaintiff defaulted on her obligations under the note and deed of trust. Plaintiff does not make any allegations that her claim to title is superior to that of the Defendants. Moreover, this Court has dismissed both fraud claims upon which the Plaintiff attempts to base her quiet title claim. For these reasons, the Court will dismiss Plaintiff's quiet title claim.

B. PLAINTIFF'S MOTIONS

Counsel for Plaintiff's has filed both a Motion for Withdrawal[26] and an Amended Motion for Withdrawal.[27] Defendants have not opposed or otherwise objected to either of Plaintiff's

---

[24] *Domingo v. Direct Mortg. Corp.*, 2011 WL 4403968, at *3 (D. Utah Sept. 21, 2011).

[25] *Collard v. Nagle Constr.*, 57 P.3d 603, 607 (Utah 2002) (quoting *Church v. Meadow Springs Ranch Corp.*, 659 P.2d 1045, 1048–49 (Utah 1983)).

[26] Docket No. 9.

[27] Docket No. 21.

Motions.  Counsel for Plaintiff appeared and argued on behalf of Plaintiff's Complaint in the hearing held November 9, 2011.

Given the resolution of Defendants' Motion to Dismiss, the Court will grant Counsel for Plaintiff's Motions for Withdrawal.

### III.  CONCLUSION

It is hereby

ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint (Docket No. 14) is GRANTED.  It is further

ORDERED that Plaintiff's Motion for Withdrawal and Amended Motion for Withdrawal (Docket Nos. 9 and 21) are GRANTED.  The Clerk of Court is instructed to close this case forthwith.

DATED   December 13, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge